UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GERALD JONES,

       Plaintiff,

   v.                              CIVIL ACTION
                                     NO. 20-40153-TSH

SHERIFF LEWIS G. EVANGELIDAS,
DR. DAVID ANDREWS, and
ATTORNEY KATHERINE ISMEURT,

       Defendants.

ORDER

HILLMAN, D.J.                                          January 8, 2021

    1.    Plaintiff Gerald Jones's ("Jones") motion for leave to proceed in forma pauperis (ECF No. 8) is hereby ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses no initial partial filing fee because Jones is without funds and has been since his incarceration in July 2020. The filing fee, $350, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at the Worcester County Jail and House of Correction, along with the standard Notice to Prison form. Because Villar is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Section 1915 authorizes the federal courts to dismiss an action in which a

plaintiff seeks to proceed without prepayment of the filing fee if among other things, the action fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. at 325; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).  In conducting this review, the Court liberally construes Jones's complaint because he is proceeding pro se.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

    2.   All federal claims against defendant Katherine Ismeurt are DISMISSED.  Jones asserts federal question jurisdiction of this Court under 28 U.S.C. §1331, and more specifically under 42 U.S.C. §§ 1981 and 1983.  With respect to Ismeurt, Jones seeks to sue his criminal defense attorney for failing to pursue emergency release from detention in his pending criminal action.  Compl. ¶5.  Jones's CPCS defense counsel, however, is not a state actor for purposes of Section 1983. Darsch v. Lynch, 15-13466-WGY, 2016 WL 299037, at *4 (D. Mass. Jan. 13, 2016) ("The fact that the court appointed his defense counsel is insufficient to make [state-appointed defense counsel] a state actor."); McNeil v. State of Mass., CIV.A. 14-14370-DJC, 2014 WL 7404561, at *3 (D. Mass. Dec. 30, 2014) (CPCS appointed attorney

not state actor for purposes of section 1983); <u>Aldrich v. Ruano</u>, 952 F. Supp. 2d 295, 301 (D. Mass. 2013) ("It is well-settled that a lawyer (even a court-appointed one does not act under the color of state law in performing a lawyer's traditional function as counsel to a party."), <u>aff'd,</u> 554 Fed. Appx. 28 (1st Cir. 2014) (unpublished); <u>Dunker v. Bissonnette</u>, 154 F. Supp. 2d 95, 105 (D. Mass. 2001) (stating in dicta CPCS attorney not state actor for purposes of section 1983 claim).  The Court further discerns no 28 U.S.C. § 1981 claim with respect to Ismeurt. Accordingly, the federal claims are <u>DISMISSED</u> as to Ismeurt.

To the extent that Jones seeks to bring a state law legal malpractice claim against Ismeurt, this Court lacks supplemental jurisdiction under 28 U.S.C. §1367(a) because it is not a claim "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  It is well settled that "[s]tate and federal claims are part of the same case or controversy for the purposes of section 1367(a) if they derive from a common nucleus of operative fact or are such that they would ordinarily be expected to be tried in one judicial proceeding."  <u>Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC</u>, 730 F.3d 67, 72 (1st Cir. 2013) (citations, quotations and punctuation omitted).  Here, the

purported legal malpractice claim against Jones's defense counsel for failing to seek court action is a different claim that would not ordinarily be part of a civil rights claim against the sheriff and the jail's doctor for allegedly unconstitutionally inadequate treatment.  The cases do not arise out of the same nucleus of operative fact and therefore this Court lacks subject matter jurisdiction. See Serrano-Moran v. Grau-Gaztambide, 195 F.3d 68, 70 (1st Cir. 1999) ("Whether or not the police violated plaintiff's civil rights has nothing to do with whether the hospital and doctors conformed to the requisite standard of care.").  Accordingly, the Court rules that it lacks supplemental jurisdiction over the purported state-law legal malpractice claim under 28 U.S.C. §1367(a), and the state law claims, if any, are DISMISSED without prejudice.

    3.    The Clerk shall issue a summons for service of the complaint on the remaining defendants.  The Clerk shall send the summonses, complaint, and this Order to Jones, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m). Jones may elect to have service made by the United States Marshals Service.  If directed by Jones to do so, the United States Marshals Service shall serve the summonses, complaint, and this Order upon these defendants, in the manner directed by Jones, with all costs of service to be

advanced by the United States.  Notwithstanding this Order to the United States Marshal Service, it remains Jones's responsibility to provide the United States Marshals Service with all necessary paperwork and service information.  Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, Jones shall have 90 days from the date of this Order to complete service.

    4.   Jones's motion for appointment of counsel (ECF No. 5) is DENIED without prejudice as premature.  Pursuant to U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  Jones does not have a constitutional right to free counsel in a civil action. See DesRoseirs v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  To qualify for appointment of counsel Jones must demonstrate: (1) that he is indigent and (2) exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging on his due process rights. See id. at 24.  Jones claims that he cannot speak because he suffers from lockjaw.  At this stage of the proceedings, while the Court is sympathetic to Jones' alleged physical limitation, there is no need for him to speak as all communication with the Court is in writing.  While Jones may be indigent he has not yet met his burden of demonstrating exceptional circumstances.  Jones may file a renewed motion after the defendants respond to

the complaint.  Such a motion, however, must be supported with a memorandum of law and evidence supporting his condition in the form of an affidavit.  The Court may reconsider this order sua sponte after a response to the complaint has been filed in this action.

     5.   Jones's motion for discovery is denied without prejudice.  Jones is reminded that even though he is proceeding pro se, he is required to follow the Federal Rules of Civil Procedure and the Local Rules of this Court.  Jones may seek discovery of the remaining defendants pursuant to those rules.  This order does not modify the timing or sequencing of discovery in this action.

**So Ordered.**

        /s/ Timothy S. Hillman
        UNITED STATES DISTRICT JUDGE